IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NOLAND ROOSEVELT BYRD, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:14-CV-3006-M-BH |
| ) | |
| DALLAS COUNTY JAIL ) | |
| MAILROOM OFFICERS, et al. ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Noland Roosevelt Byrd (Plaintiff) filed this case and moved to proceed *in forma pauperis* on August 22, 2014. After granting him leave to proceed *in forma pauperis*, the Court sent him a questionnaire ("MJQ") on August 26, 2014, to obtain more information about his claims. The questionnaire specifically advised Plaintiff that his answers to the questions were due within thirty days, and that a failure to file his answers could result in the dismissal of his case. *Id.* More than thirty days from the date of the questionnaire have passed, but Plaintiff has not filed his answers to the questionnaire.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid

congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the August 26, 2014 order requiring that he file answers to the questionnaire within thirty days. It appears that he does not intend to proceed with this case, and it should therefore be dismissed under Rule 41(b) for failure to prosecute or follow orders of the Court.

### III.  RECOMMENDATION

This case should be dismissed without prejudice for want of prosecution or failure to follow court orders pursuant to Fed. R. Civ. P. 41(b), unless Plaintiff files his answers to the questionnaire within the time for objecting to this recommendation, or some other deadline set by the Court

**SIGNED this 20th day of October, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE